**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMIRAH and ENUNG.**

      **Plaintiffs,**

**-against –**

              **CV 08-02970-ADS-WDW**

**VARSHA MAHENDER SABHNANI and**
**MAHENDER MURLIDHAR SABHNANI,**
      **Defendants.**

_____

## ANSWER

Defendants Varsha Mahender Sabhnani ("**Varsha**") and Mahender Murlidhar Sabhnani ("**Mahender**")(collectively, "**Defendants**") as and for their answer to the Complaint (the "**Complaint**") of Plaintiffs Samirah ("**Samirah**") and Enung ("**Enung**")( collectively, "**Plaintiffs**"), by and through their counsel, Sam P. Israel P.C., 1 Liberty Place, 23rd Floor, New York, NY 10006, hereby state as follows:

1.   The Defendants deny each and every allegation set forth in paragraph 1 of the Complaint, except admit that the Plaintiffs purport to bring this action and that the Plaintiffs were brought to the Untied States to work for the Defendants.

2.   With respect to the allegations set forth in paragraph 2 of the Complaint, the Defendants refer the Court to the full record of the criminal case referenced therein for any and all conclusions regarding the underlying events and findings; the Defendants further deny first hand knowledge or information sufficient to form a belief as to what the Plaintiffs "seek," except to deny their entitlement to the damages elsewhere alleged in the Complaint and the sufficiency of the allegations in support thereof.

3. Without admitting the sufficiency of the pleadings, the Defendant refers matters to the Court concerning its jurisdiction over the subject matter of the Complaint, as well as any and all issues regarding the propriety of the Plaintiffs' choice of venue, as are alleged in paragraphs 3-4 of the Complaint.

4. The Defendants admit, upon information and belief, the allegations set forth in paragraph 5 of the Complaint.

5. The Defendants deny the allegations set forth in paragraph 6 of the Complaint, except admit that during some or all of the period set forth therein, the Plaintiffs lived at their residence where they were employed as domestic servants.

6. The Defendants admit, upon information and belief, the allegations set forth in paragraph 7 of the Complaint.

7. The Defendants admit, upon information and belief, the allegations set forth in paragraph 8 of the Complaint.

8. The Defendants admit the allegations set forth in paragraph 9 of the Complaint.

9. The Defendants deny first hand knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in paragraph 10 of the Complaint.

10. The Defendants admit, upon information and belief, the allegations set forth in paragraph 11 of the Complaint to the extent they are intended to refer to a *nick name* given the referenced defendant by the Plaintiffs.

11. The Defendants admit the allegations set forth in paragraph 12 of the Complaint.

12. The Defendants admit that Mahender operated a business as is generally described in the allegations set forth in paragraph 13 of the Complaint, except deny that the business manufactures products in Indonesia.

13. The Defendants admit, upon information and belief, the allegations set forth in paragraph 14 of the Complaint except deny, upon information and belief, that the statements attributed to Ms. Joti were made by her.

14. The Defendants admit, upon information and belief, the allegations set forth in paragraph 15 of the Complaint.

15. The Defendants admit, upon information and belief, the allegations set forth in paragraph 16 of the Complaint.

16. The Defendants deny first hand knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in paragraph 17 of the Complaint.

17. The Defendants deny the truthfulness of the allegations set forth in paragraph 18 of the Complaint except admit that the said plaintiff provided her passport to Defendant Varsha for safe-keeping.

18. The Defendants deny, upon information and belief, the truthfulness of the allegations set forth in paragraph 19 of the Complaint except admit that Enung was offered work by the Defendants and affirmatively allege that she was paid for three years in advance of the services to be rendered.

19. The Defendants deny first hand knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in paragraph 20 of the Complaint.

20. The Defendants admit, upon information and belief, the allegations set forth in paragraph 21 of the Complaint.

21. The Defendants deny first hand knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in paragraph 22 of the Complaint.

22.     The Defendants deny the truthfulness of the allegations set forth in paragraph 23 of the Complaint except admit that the said plaintiff provided her passport to Defendant Varsha for safe-keeping.

23.     The Defendants deny the allegations set forth in paragraph 24 of the Complaint.

24.     The Defendants deny the allegations set forth in paragraph 25 of the Complaint.

25.     The Defendants admit the allegations set forth in paragraph 26 of the Complaint.

26.     The Defendants admit the allegations set forth in paragraph 27 of the Complaint.

27.     The Defendants admit the allegations set forth in paragraph 28 of the Complaint.

28.     The Defendants admit, upon information and belief, the allegations set forth in paragraph 29 of the Complaint except deny, upon information and belief, that the Plaintiffs cleaned the business office as is alleged therein.

29.     The Defendants admit the allegations set forth in paragraph 30 of the Complaint.

30.     The Defendants admit the allegations set forth in paragraph 31 of the Complaint.

31.     The Defendants admit the allegations set forth in paragraph 32 of the Complaint, except deny that the Plaintiffs were required to shovel snow and that the Defendants' dishes were "hand washed;" the Defendants further affirmatively allege that the Plaintiffs were free to leave the Defendants' employ at their choosing.

32.     In answering the allegations set forth in paragraph 33 of the Complaint, the Defendants admit that they paid the amount set forth therein, albeit in the form of a one time advance for services to be rendered.

33.     The Defendants deny the allegations set forth in paragraph 34 of the Complaint.

34. In answering the allegations set forth in paragraph 35 of the Complaint, the Defendants admit that they paid the amount set forth therein, albeit in the form of a one time advance for services to be rendered.

35. The Defendants deny the allegations set forth in paragraph 36 of the Complaint.

36. The Defendants deny the allegations set forth in paragraph 37 of the Complaint.

37. In answering the allegations set forth in paragraphs 38-39 of the Complaint, without admitting the sufficiency of the pleadings, the Defendants refer all such matters of law to the Court for its determination based upon a full assessment of the record to be developed in this case.

38. In answering the allegations set forth in paragraphs 40 of the Complaint, without admitting the sufficiency of the pleadings, the Defendants refer all such matters of law to the Court for its determination and assessment upon a full examination of the facts; the Defendants deny, however, that the Plaintiffs worked more than forty (40) hours in a given week.

39. The Defendants deny the allegations set forth in paragraph 41 of the Complaint, except refer issues of law to the Court for its determination based upon a full assessment of the record to be developed in this case.

40. The Defendants deny the allegations set forth in paragraph 42 of the Complaint, except admit that they did not maintain records of hours worked by the Plaintiffs and further refer issues of law to the Court for its determination based upon a full assessment of the record to be developed in this case.

41. The Defendants deny the allegations set forth in paragraph 43 of the Complaint, except deny first hand knowledge or information sufficient to form a belief as to whether the Plaintiffs received food from others and whether the Plaintiffs ate food out of the garbage.

42. The Defendants deny the allegations set forth in paragraph 44 of the Complaint.

43. The Defendants deny the allegations set forth in paragraph 45 of the Complaint.

44. The Defendants deny the allegations set forth in paragraph 46 of the Complaint.

45. Defendants deny the allegations set forth in paragraph 47 of the Complaint as they relate to each individually and deny the allegations upon information and belief as they relate to each other, except admit that the Plaintiffs did perform services at another residence upon Varsha's request.

46. Defendants deny the allegations set forth in paragraph 48 of the Complaint as they relate to each individually and deny the allegations upon information and belief as they relate to each other, except deny knowledge or information sufficient to form a belief as to whether Varsha ever used the language set forth therein and/or whether such language was directed to the Plaintiffs.

47. Defendants deny the allegations set forth in paragraph 49 of the Complaint as they relate to each individually and deny the allegations upon information and belief as they relate to each other.

48. Defendants deny the allegations set forth in paragraph 50 of the Complaint as they relate to each individually and deny the allegations upon information and belief as they relate to each other.

49. Defendants deny the allegations set forth in paragraph 51 of the Complaint, except deny knowledge or information sufficient to form a belief as to whether Varsha gave Samirah glasses to improve her vision.

50. The Defendants deny the allegations set forth in paragraphs 52-54 of the Complaint.

51. The Defendants deny the allegations set forth in paragraph 55 of the Complaint, except deny knowledge or information sufficient to form a belief as to whether Varsha took the actions set forth therein.

52. The Defendants deny the allegations set forth in paragraph 56 of the Complaint but admit, upon information and belief that the Plaintiffs, on their own accord, regularly ate chilies; the Defendants further deny first hand knowledge or information sufficient to form a belief as to whether the chilies caused Samirah to vomit.

53. The Defendants deny the allegations set forth in paragraph 57 of the Complaint.

54. The Defendants deny the allegations set forth in paragraph 58 of the Complaint, except admit that Samirah wrote letters to her family that, upon information and belief, contained statements similar to or identical to those set forth therein.

55. The Defendants deny the allegations set forth in paragraphs 59-60 of the Complaint.

56. The Defendants deny first hand knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in paragraph 61 of the Complaint, except deny that Samireh "fled" the premises.

57. The Defendants admit the allegations set forth in paragraph 62 of the Complaint, except deny that Samirah had reason to "flee" the premises.

58. The Defendants deny first hand knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in paragraph 63 of the Complaint.

59. The Defendants deny first hand knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in paragraph 64 of the Complaint, except admit that the police and immigration authorities conducted a search of the premises on the date set forth therein.

60. The Defendants admit the allegations set forth in paragraph 65 of the Complaint.

61. The Defendants admit the allegations set forth in paragraph 66 of the Complaint, and affirmatively allege that the convictions referenced therein are currently the subject of appeals filed

with the Second Circuit Court of Appeals.

62. In responding to the allegations set forth in paragraphs 67, 74, 78, 82, 123, 127, 132, 140, 144, 147 and 151 of the Complaint, the Defendants repeat, reallege and incorporate each of their foregoing responses.

63. In answering the allegations set forth in paragraphs 68, 72, 76, 79, 84, 85, 86, 90, 92, 109, 113, 124, 134, 135 and 137 of the Complaint, without admitting the sufficiency of the pleadings, the Defendants respectfully refer all such matters of law to the Court for its determination upon a full assessment of the record to be developed in this case.

64. The Defendants admit the allegations set forth in paragraph 69 of the Complaint except deny that the Defendants "provided… the labor and services of Plaintiffs" as is set forth therein.

65. The Defendants deny the allegations set forth in paragraphs 70 and 73 of the Complaint.

66. The Defendants deny the allegations set forth in paragraphs 75 and 77 of the Complaint.

67. The Defendants deny the allegations set forth in paragraphs 80 and 81 of the Complaint.

68. In answering the allegations set forth in paragraph 83 of the Complaint, the Defendants deny first hand knowledge or information sufficient to form a belief as to what the Plaintiffs purport to bring any of their claims under.

69. The Defendants deny the allegations set forth in paragraphs 87 and 89 of the Complaint.

70. In answering the allegations set forth in paragraphs 91, 128, 129, 130, 131 and 133-137 of the Complaint, without admitting the sufficiency of the pleadings, the Defendant refers all

8

such matters of law to the Court for its determination and assessment upon a full examination of the facts; the Defendants deny, however, that the Plaintiffs worked more than forty (40) hours in a given week and further deny that Defendants failed to pay the Plaintiffs that to which they were legally entitled.

71.  Except as to legal conclusions, which are respectfully referred to the Court, the Defendants deny the truthfulness of the allegations set forth in paragraphs 92-111, 114, 119, 124, 125, 138-139, 141-143 and 145-146 of the Complaint.

72.  Defendants admit the allegations set forth in paragraph 112 of the Complaint.

73.  Defendants are unable to fully answer the allegations set forth in paragraphs 115, 118, 119 and 120 of the Complaint in that the allegations are incomprehensible to them; to the extent that the Plaintiffs assert that the Defendants engaged in a "pattern of racketeering activities," or are part of a criminal or otherwise unlawful "enterprise," the allegations are denied.

74.  Defendants deny the allegations set forth in paragraphs 116-117 of the Complaint except admit that Mahender "runs" the affairs of his perfume business and that the Plaintiffs cleaned the residence.

75.  Defendants deny the allegations set forth in paragraphs 121-122, 126, 131, 148-150, and 152-154 of the Complaint.

76.  Defendants deny each and every other allegations set forth in the Complaint not otherwise expressly addressed herein.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

**Second Affirmative Defense**

9

The Plaintiffs' claims for punitive damages are barred by the Fifth Amendment in that a punitive award would violate the Constitutional prohibition of subjecting defendants to *double jeopardy*.

**Third Affirmative Defense**

The Plaintiffs' claims are barred in whole or in part by the applicable statute(s) of limitations.

**Fourth Affirmative Defense**

The Plaintiffs' claims are barred by the doctrine of *laches*.

**WHEREFORE,** Defendants respectfully request that this Court:

a. Dismiss Plaintiffs' Complaint in its entirety, with prejudice;

b. Deny each and every demand for relief set forth in the Complaint;

c. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted:

**Sam P. Israel**, **P.C.**

Dated: New York, New York
September 25, 2008

**By: S/:**_____
**Sam P. Israel (SPI 0270)**
**Attorney for Defendants**
**Varsha Mahender Sabhnani and**
**Mahender Murlidhar Sabhnani**
**1 Liberty Plaza**
**Twenty Third Floor**
**New York, NY 10006**
**Tel: 212-201-5345**
**Fax: 212-201-5343**