**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
SAMIRAH & ENUNG,

                              Plaintiffs,

               -against-

VARSHA MAHENDER SABHNANI and
MAHENDER MURLIDHAR SABHNANI,

                             Defendants.
----------------------------------------------------------X

**MEMORANDUM OF
DECISION AND ORDER**
08-CV-2970 (ADS)(WDW)

**APPEARANCES**

**Fish & Richardson P.C.**
Attorneys for Plaintiffs Samirah and Enung
601 Lexington Avenue, 52nd Floor
New York, N.Y. 10022
      By: Karen Yeh, Esq., Of Counsel

**Asian American Legal Defense and Education Fund**
Attorneys for Plaintiffs Samirah and Enung
99 Hudson Street, 12th Floor
New York, N.Y. 10013
      By: Ivy O. Suriyopas, Esq.

**Sam P. Israel, Esq.**
Attorney for Defendants Varsha Sabhnani and Mahender Sabhnani
1 Liberty Plaza, Office 2330
New York, N.Y. 10006

**SPATT, District Judge**.

Presently before the Court is a renewed motion for an attachment by the Plaintiffs Samirah and Enung (collectively "the Plaintiffs"). Defendants Varsha Sabhnani and Mahender Sabhnani (collectively "the Defendants") have filed a cross-motion to vacate the proposed attachment under New York Civil Practice Law and Rules ("CPLR") Section 6223. For the reasons discussed below, the Plaintiffs' motion is granted and the Defendants' cross-motion is denied.

## I. BACKGROUND

The history of the related criminal matter has been extensively chronicled by this Court and the Second Circuit. See United States v. Sabhnani, 599 F.3d 215 (2d Cir. 2010); United States v. Sabhnani, 493 F.3d 63 (2d Cir. 2007); United States v. Sabhnani, 539 F. Supp.2d 617 (E.D.N.Y. 2008). Although the Court assumes the parties' familiarity with the underlying facts and procedural history of the criminal matter and this related civil case, a brief review is in order.

The Defendants were convicted, after a jury trial, of two counts each of forced labor in violation of 18 U.S.C. § 1589(a), harboring aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), holding a person in a condition of peonage in violation of 18 U.S.C. § 1581(a), and document servitude in violation of 18 U.S.C. § 1592(a), as well as conspiracy to commit each of these substantive offenses. In June of 2008, the

Court sentenced Mahender to 40 months' imprisonment, while Varsha was sentenced to 132 months' imprisonment.

On July 3, 2008, both Defendants appealed their convictions. On October 20, 2008, the Court denied Mahender's motion to remain out on bail pending the resolution of his appeal. However, this order was overturned by the Second Circuit and Mahender was permitted to remain out on bail secured by $2.9 million in cash and a Manhattan apartment owned by the family.

On July 22, 2008, the Plaintiffs commenced the instant civil lawsuit. The Plaintiffs seek money damages under the Trafficking Victims Protection Act, 18 U.S.C. § 1595, federal and state wage laws, and the common law, for violations of their rights. On the same day the complaint was filed, the Plaintiffs also moved for an *ex parte* order of attachment. After a hearing on September 2, 2008, the Court determined that the Plaintiffs' motion was premature, given that the funds they sought to attach were used to secure Mahender's bail while his appeal was pending.

However, on March 25, 2010, the Second Circuit issued a decision affirming the Defendants' convictions. See Sabhnani, 599 F.3d 215. Mahender surrendered to the Bureau of Prisons on May 24, 2010 to begin serving his sentence. Several days before Mahender's surrender, the Plaintiffs renewed their motion for an attachment. In an order dated May 21, 2010, the Court directed that the money securing Mahender's bail not be exonerated pursuant to Fed. R. Crim. P. 46(g) until the Court

recalculated the restitution award in the criminal matter and decided the Plaintiffs' instant motion for an attachment.

## II. DISCUSSION

### A. The Plaintiffs' Motion for an Attachment

FED. R. CIV. P. 64 provides that the remedy of attachment is governed by the law of the state in which a district court sits. Chem. Bank v. Haseotes, 13 F.3d 569, 572 (2d Cir. 1994). Under N.Y. CPLR 6223, "[t]o confirm an order of attachment and defeat a cross-motion to vacate . . . a plaintiff bears the burden of establishing the grounds for the attachment, the need for continuing the levy, and the probability of success on the merits." Bank of China, New York Branch v. NBM L.L.C, 192 F. Supp. 2d 183, 186 (S.D.N.Y. 2002) (citing N.Y. C.P.L.R. §§ 6201, 6212, 6223).

**1. Grounds for the Attachment Under N.Y. CPLR 6201**

N.Y. CPLR 6201 provides, in relevant part, that a plaintiff seeking money damages may be entitled to an attachment where "the action is brought by the victim . . . of a crime . . . against the person . . . convicted of committing such crime," and the plaintiff "seeks to recover damages sustained as a result of such crime . . ." N.Y. CPLR 6201(4).

Here, the Plaintiffs are victims of the crimes for which the Defendants were convicted and the damages they seek were allegedly sustained as a result of the

Defendants' criminal conduct. As such, there is no serious question that the Plaintiffs have established their entitlement to an attachment under Section 6201(4).

**2. Probability of Success on the Merits**

"Probability of success on the merits for purposes of an order of attachment requires that the moving party demonstrate that it is more likely than not that it will succeed on its claims and must show proof stronger than that required to make a prima facie case." Musket Corp. v. PDVSA Petroleo, S.A., 512 F. Supp. 2d 155, 160 (S.D.N.Y. 2007). In deciding whether this burden has been met, "all legitimate inferences should be drawn in favor of the party seeking attachment." JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 306 F. Supp. 2d 482, 485 (S.D.N.Y. 2004).

Here, the Plaintiffs claim that they are likely to succeed on the merits of their claims because the criminal judgments have a collateral estoppel effect on this case. In particular, they contend that "for every liability claim Plaintiffs bring against Defendants, each element can be proven conclusively through previously litigated facts in the criminal trial . . ." Pltfs. Letter, Docket No. 55, dated June 23, 2010, at 2. The Defendants counter, without extensive analysis, that the effect the criminal judgments will have on certain causes of action in this case is not clear because the Plaintiffs have asserted "an array of expansive claims against Mahender Sabhnani

which exceed the jury's findings specifically against him." Defs'. Letter, Docket No. 56, dated June 23, 2010, at 2.

Federal criminal convictions have a collateral estoppel effect in federal civil cases where: (1) the issues in both proceedings are identical, (2) the issues in the prior proceeding were actually litigated and actually decided, (3) there was a full and fair opportunity for litigation in the prior proceeding, and (4) the issues previously litigated were necessary to support a valid and final judgment on the merits. Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 44 (2d Cir. 1986).

The Court need not, at this stage, make a determination as to whether the Plaintiffs are likely to succeed on *all* of their remaining claims. The parties have not adequately briefed the issue of whether the Defendants are estopped from challenging the Plaintiffs' state wage and hour claims or their common law causes of action for false imprisonment and battery. Nevertheless, it is clear that the Defendants' criminal convictions for forced labor and peonage estop them from challenging the Plaintiffs' corresponding civil claims. It is also clear, based on the Court's supervision of the criminal case and its intimate familiarity with the underlying facts, that the Plaintiffs are likely to succeed on the merits of their federal minimum wage and overtime claims.

### 3. The Continuing Need for an Attachment

The Defendants contend that an attachment is unnecessary in this case because the Plaintiffs have failed to offer any evidence that the Defendants have disposed of assets. However, in demanding evidence of asset secretion, the Defendants conflate the requirements of N.Y. CPLR 6201(3) with the more modest showing required under Section 6223.

Under Section 6201(3), a plaintiff can establish entitlement to an attachment by showing that "the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts." N.Y. CPLR 6201(3). However, the Plaintiffs do not rely upon Section 6201(3). Instead, the Plaintiffs' motion is predicated upon Section 6201(4), which does not necessarily require a plaintiff to establish that a defendant has disposed of assets. As noted above, when a plaintiff establishes one of the grounds set forth in N.Y. CPLR 6201 and the defendant challenges the proposed attachment, Section 6223 simply requires the plaintiff to show that an attachment is *necessary* under the circumstances.

Here, the likelihood is that the Defendants will face a substantial monetary judgment. Both this Court and the Second Circuit have previously noted that the Defendants maintain strong family and business ties overseas. Under the

circumstances, the Court finds that the Defendants have both the incentive and the opportunity to remove assets from this state in order to frustrate a judgment. Accordingly, the Court finds that an order of attachment is necessary in this case to secure the judgment that the Plaintiffs are reasonably likely to obtain.

### III. CONCLUSION

The Plaintiffs' motion for an order of attachment is granted. The Defendants' cross-motion under N.Y. CPLR 6223 is therefore denied. The Plaintiffs are directed to file a proposed order of attachment with the Court within 10 days of the date of this order.

**SO ORDERED.**

Dated: Central Islip, New York
June 28, 2010

> _/s/ Arthur D. Spatt_
> ARTHUR D. SPATT
> United States District Judge